UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONALD WILLIAMS on behalf of D.A.W.,

              Plaintiff,

              v.

MICHAEL V. ASTRUE, Commissioner of Social Security,

              Defendant.

**AMENDED MEMORANDUM & ORDER**

No. 08 Civ. 6375 (LBS)

---

SAND, J.

      Plaintiff Donald Williams, on behalf of his son D.A.W., commenced an action *pro se* against Defendant Michael V. Astrue, the Commissioner of Social Security, (the "Commissioner") seeking review of the Commissioner's finding that Plaintiff's son was not disabled as of September 1, 2005. The Court found that the Commissioner's decision was not supported by substantial evidence and reversed that finding. *Williams v. Astrue*, No. 08 Civ. 6375 (LBS), 2009 WL 3754391 (S.D.N.Y. Nov. 5, 2009). The Court also found persuasive proof that D.A.W.'s disability continued during the period at issue and, therefore, remanded the case solely for a calculation of benefits. Plaintiff now moves to expedite that payment of past due supplemental security income ("SSI") childhood disability benefits and seeks full control over those funds. For the following reasons, Plaintiff's motion is denied.

      The Social Security Act requires that in claims for SSI where the disabled individual is under 18 years of age, his or her representative payee must establish and

maintain an account in a financial institution for payment of the amount of past due benefits that exceeds six times the maximum monthly SSI benefit for that individual.  42 U.S.C. §§ 1383(a)(2)(F)(i)(I)-(II).  The Act states:

> (I) Each representative payee of an eligible individual under the age of 18 who is eligible for the payment of benefits described in subclause (II) shall establish on behalf of such individual an account in a financial institution into which such benefits shall be paid, and shall thereafter maintain such account for use in accordance with clause (ii).
>
> (II) Benefits described in this subclause are past-due monthly benefits under this subchapter (which, for purposes of this subclause, include State supplementary payments made by the Commissioner pursuant to an agreement under section 1382e of this title or section 212(b) of Public Law 93-66) in an amount (after any withholding by the Commissioner for reimbursement to a State for interim assistance under subsection (g) of this section and payment of attorney fees under subsection (d)(2)(B) of this section) that exceeds the product of (aa) 6, and (bb) the maximum monthly benefit payable under this subchapter to an eligible individual.

*Id.*  The account used is referred to as a "dedicated account."  20 C.F.R. § 416.640(e).  The funds in this account may only be used to pay "allowable expenses," which include education or job skills training; personal needs assistance; special equipment; housing modification; medical treatment; therapy or rehabilitation; or any other item or service the Commissioner determines to be appropriate.  42 U.S.C. § 1383(a)(2)(F)(ii)(I).  Such expenses, except those for education or job skills training, must be related to the disabling impairment.  *Id.*

The Act requires that the Commissioner "establish a system for accountability monitoring whereby such representative payee shall report, at such time and in such

manner as the Commissioner shall require, on activity respecting funds in the account established pursuant to clause (i)." 42 U.S.C. § 1631(a)(2)(F)(iv). Thus, the Social Security regulations specify that "[r]epresentative payees must keep records and receipts of all deposits to and expenditures from dedicated accounts, and must submit these records to us upon our request." 29 C.F.R. § 416.640(e)(3).

As a result of this Court's prior decision, Plaintiff is owed over four years of back benefits. This reward of benefits exceeds six times D.A.W.'s monthly benefits and, therefore, Plaintiff must open a dedicated account for receipt and use of the funds. 42 U.S.C. § 1383(a)(2)(F)(i)(I). Plaintiff must also maintain records and receipts of all deposits to and withdrawals from the account or he may be held liable for misuse of the funds. 29 C.F.R. § 416.640(e)(3). Plaintiff has offered no reason why payment of the funds should not be subject to the requirements of the Act. The Commissioner properly required Plaintiff to open a dedicated account into which the funds will be released. Plaintiff's motion is denied.

**SO ORDERED.**

Dated: April 7, 2010
New York, NY

_____
U.S.D.J.

3